**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000119**
**22-MAR-2013**
**08:38 AM**

NO. CAAP-12-0000119

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EMERSON M.F. JOU, M.D.,
Plaintiff-Appellant,
v.
K. KENNETH SIU, An Individual,
aka KING-SAU KENNETH SIU,
Defendant-Appellee,
and
JOHN AND JANE DOES 1-10, DOE PARTNERSHIPS,
DOE CORPORATIONS, AND DOE ENTITIES 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2758-11)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Plaintiff-Appellant Emerson M.F. Jou, M.D. (Jou) appeals from "Defendant K. Kenneth Siu's Second Judgment Against Plaintiff Emerson M.F. Jou, M.D.," entered on February 3, 2012 in the Circuit Court of the First Circuit[1] (circuit court) in favor of Defendant-Appellee K. Kenneth Siu (Siu).

## I.  BACKGROUND

On November 25, 2009, Jou filed a complaint (Complaint) against Siu, alleging Siu had made false representations and had induced Jou into entering into an agreement to lease a dwelling

---

[1]     The Honorable Rom A. Trader presided over this matter until November 2, 2011.  The matter was reassigned to the Honorable Karen T. Nakasone effective November 2, 2011.

unit to Siu.  On April 21, 2010, Siu filed a motion to dismiss the Complaint and for attorney's fees pursuant to Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2012).

On June 15, 2010, Jou filed an opposition to Siu's motion to dismiss.  On the same day, Jou filed a first amended complaint (FAC) purporting to assert a cause of action based on Siu's false representations, plus claims for conversion, negligence, and violations of HRS § 663-1 (Supp. 2012).

On July 19, 2010, the parties participated in a settlement conference and placed a conditional settlement on the record.  The settlement was contingent upon Siu's provision of certain financial disclosure statements (specifically, the asset and debt statements and income and expense statements Siu had filed in the Family Court of the First Circuit (Family Court)).  Siu would then pay two thousand dollars to Jou in exchange for a release and indemnification, and the parties would stipulate to a dismissal of Jou's Complaint.

On July 30, 2010, Jou filed a motion to set aside the settlement and for attorney's fees and costs.  Jou contended the settlement should be set aside because Siu had failed to provide his asset and debt statements and had concealed assets.  The circuit court held a hearing on the motion on August 3, 2010.  At the hearing, the circuit court set aside the contingent settlement agreement and dismissed Jou's FAC, noting the FAC failed to correct deficiencies in the original Complaint.

Jou filed a motion for reconsideration on August 11, 2010, which the circuit court granted in part.  The court reconsidered its dismissal of the FAC because Siu had filed a motion to dismiss the original Complaint but not the FAC.  On December 23, 2010, the circuit court entered an order dismissing the Complaint for lack of jurisdiction and for failure to state a claim, and the court awarded attorney's fees to Siu.

On January 6, 2011, Jou filed a motion for leave to file a second amended complaint (SAC).  On September 8, 2011, the circuit court decided the motion in part, permitting Jou to

assert a single claim for breach of the lease agreement. The court denied the remaining claims (discussed below) as being futile.

Jou filed his SAC on September 27, 2011. On October 19, 2011, Siu moved to dismiss the SAC pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(1) and 12(b)(6). On November 10, 2011, Jou filed a motion for summary judgment, partial summary judgment, or an HRCP 56(d) order (November 10, 2011 MSJ). At the hearing on both parties' motions, held on December 7, 2011, the circuit court granted Siu's motion for dismissal, concluding the SAC was not well-pled and failed to state a cognizable claim. The court also concluded it lacked subject matter jurisdiction because the SAC failed to establish that Jou's claim for damages exceeded the minimum jurisdictional amount pursuant to HRS § 604-5 (Supp. 2012).[2]

On February 3, 2012, the circuit court entered "Defendant K. Kenneth Siu's Second Judgment Against Plaintiff Emerson M.F. Jou, M.D.," entering final judgment in favor of Siu and against Jou and dismissing all claims in Jou's Complaint, FAC, and SAC. Jou filed a timely notice of appeal on February 27, 2012.

---

[2]      HRS § 604-5 states in relevant part:

> **§604-5  Civil jurisdiction.** (a) Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $25,000, except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim. Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount. Subject to subsections (b) and (c), jurisdiction under this subsection shall be exclusive when the amount in controversy, so computed, does not exceed $10,000.

> HRS § 604-5(a) (emphasis added).

Jou raises several points on appeal, generally contending the circuit court erred in:

(1) dismissing Jou's original Complaint and awarding attorney's fees to Siu;

(2) denying in part Jou's motion for leave to file his SAC;

(3) dismissing the SAC and awarding attorney's fees to Siu; and

(4) denying Jou's November 10, 2011 MSJ on the SAC.[3]

## II. STANDARDS OF REVIEW

A.     Motion to Amend Answer

"[T]he grant or denial of leave to amend under [HRCP] Rule 15(a) is within the discretion of the trial court." Associated Eng'rs & Contractors, Inc. v. State, 58 Haw. 187, 218, 567 P.2d 397, 417 (1977).

B.     Motion to Dismiss

> A circuit court's ruling on a motion to dismiss is reviewed de novo. *Wright v. Home Depot U.S.A., Inc.*, 111 Hawai'i 401, 406, 142 P.3d 265, 270 (2006).
>
> > A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. [The appellate court] must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing [a] circuit court's order dismissing [a] complaint . . . [the appellate court's] consideration is strictly limited to the allegations of the complaint, and [the appellate court] must deem those allegations to be true.
>
> *In re Estate of Rogers*, 103 Hawai'i 275, 280-81, 81 P.3d 1190, 1195-96 (2003) (citations omitted) (some brackets and ellipsis in original) (some brackets added).

---

[3]     Jou failed to provide a discernable argument with regard to his second point of error, in which he contended the circuit court erred in denying in part his August 11, 2010 motion for reconsideration. Therefore, we deem Jou's second point of error waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7); Int'l Sav. and Loan Ass'n, Ltd. v. Carbonel, 93 Hawai'i 464, 473, 5 P.3d 454, 463 (App. 2000) ("An appellate court need not address matters as to which the appellant has failed to present a discernible argument.").

4

Cnty. of Kaua'i v. Baptiste, 115 Hawai'i 15, 24, 165 P.3d 916, 926 (2007).

C.        Attorney's Fees

"The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009) (internal quotation marks, citations, and brackets omitted).

## III.   DISCUSSION

A.        Dismissal of Complaint and Award of Attorney's Fees

We agree with Jou's contention that the circuit court erred in dismissing his original Complaint and in granting Siu's April 21, 2010 request for attorney's fees under HRS § 607-14.[4] Jou filed his FAC as a matter of course, as permitted under HRCP Rule 15(a)(1).  An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 167, 45 P.3d 359, 367 (2002).  Therefore, Siu's motion to dismiss the original Complaint was moot, and the circuit court erred in granting the motion to dismiss.  The circuit court also erred in granting Siu's request for attorney's fees when it dismissed the original complaint because Siu was not the prevailing party of the proceeding at that point.  See HRS § 607-14.

B.        Denial of Proposed Amendments in Jou's SAC

Jou contends the circuit court erred in denying Jou's request to state seven tort claims in his SAC.  In his proposed SAC, Jou sought to assert a claim for "fraudulent inducement of lease;" three claims for fraud based on Siu's alleged wrongful subletting, retention of subtenant deposits, and payment through a check drawn on insufficient funds; and claims for conversion,

---

[4]        A motion to dismiss is not a responsive pleading with the meaning of the rule. Ellis v. Crockett, 51 Haw. 45, 60, 451 P.2d 814, 824 (1969).

negligence, and violations of HRS § 663-1.[5] The circuit court concluded Jou's proposed amendment of the Complaint to add these claims would be futile.

HRCP Rule 15(a), which governed Jou's request to amend his Complaint, states: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A court may deny a motion for leave to amend a pleading if the amendment appears futile. Office of Hawaiian Affairs v. State, 110 Hawai'i 338, 365, 133 P.3d 767, 794 (2006). An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss for failure to state a claim. Id.

Siu's motion opposing Jou's motion for leave to amend argued Jou's additional claims were futile pursuant to HRS § 663-1.2 (Supp. 2012). HRS § 663-1.2 states: "No person may recover damages, including punitive damages, in tort for a breach of a contract in the absence of conduct that: (1) Violated a duty that is independently recognized by principles of tort law; and (2) Transcended the breach of the contract." Thus, as a general rule, a breach of contract does not give rise to a tort action. See Francis v. Lee Enterprises, Inc., 89 Hawai'i 234, 971 P.2d 707 (1999). Siu argued the seven tort claims were indistinguishable from Jou's contract claim for breach of the lease agreement, and HRS § 663-1.2 required dismissal of the tort claims.

Fraud and fraudulent inducement, however, are contract-related torts for which tort recovery may be available. In

---

[5]    HRS § 663-1 states:

> §663-1 Torts, who may sue and for what. Except as otherwise provided, all persons residing or being in the State shall be personally responsible in damages, for trespass or injury, whether direct or consequential, to the person or property of others, or to their spouses or reciprocal beneficiaries, children under majority, or wards, by such offending party, or the offending party's child under majority, or by the offending party's command, or by the offending party's animals, domestic or wild; and the party aggrieved may prosecute therefor in the proper courts.

Francis, 89 Hawai'i at 242, 971 P.2d at 715, the Hawai'i Supreme Court stated: "[T]he existence of a contract will not defeat otherwise valid claims for relief sounding in tort, such as fraud, where punitive damages are allowed in order to vindicate social policy." See also TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999) (concluding plaintiff's complaint, which included a claim for fraudulent inducement to enter into contract, sounded in tort rather than in contract for the purposes of the attorney's fees statute). Therefore, a claim for fraud, if properly stated, would not be futile or barred by HRS § 663-1.2.

HRCP Rule 9(b) provides: "In all averments of fraud . . . the circumstances constituting fraud or mistake shall be stated with particularity." "The rule is designed, in part, to insure the particularized information necessary for a defendant to prepare an effective defense to a claim which embraces a wide variety of potential conduct." Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 30, 837 P.2d 1273, 1288 (1992). See also Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (stating plaintiff "must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice."). A party claiming fraudulent inducement must establish that "(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them." TSA Int'l, Ltd., 92 Hawai'i at 255, 990 P.2d at 725.

The original Complaint and the FAC contained conclusory allegations that Siu had made false representations, intending to induce Jou into leasing a dwelling unit and did not expressly allege fraud. Therefore, the Complaint and FAC failed to give Siu fair notice of a fraud claim with sufficient particularity to satisfy the requirements of HRCP Rule 9(b). See Larsen, 74 Haw. at 31, 837 P.2d at 1289. The proposed SAC, however, expressly

7

stated a claim for "fraudulent inducement of lease," requested general, special, and punitive damages, and added the following relevant allegations:

> 4. Prior to February 8, 2008, . . . [Siu] orally and repeatedly represented to [Jou] the material fact that he was a physician able to afford the lease[.]
>
> 5. These false representations, made by [Siu] before the lease was signed, were made with intent to induce [Jou] to act; i.e.[,] to lease to [Siu] his residence at 65 Old Pali Place, Honolulu, Hawai'i 96817.
>
> 6. When [Siu] made these representations, as aforesaid, he knew at the time that the representations were made that they were false, . . . in that [Siu's] medical license had been revoked on or about September 8, 2006.
> . . . .
>
> 9. [Jou] relied on these false representations and each of them; and did in fact allow Defendant to occupy the property.

The above allegations are distinct from those giving rise to Jou's breach of contract claim and are stated with sufficient particularity under the standards of HRCP Rule 9(b). Furthermore, Jou may pursue multiple or alternative remedies during the course of trial (although, to the extent Jou's damages were the same for his fraudulent inducement and breach of contract claims, he cannot recover on both theories). Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 291, 172 P.3d 1021, 1035 (2007). Consequently, Jou's proposed amendment was not futile, and the circuit court abused its discretion in failing to allow the amendment to assert a claim for fraudulent inducement.

The circuit court did not err, however, when it concluded Jou's fraud claims for "fraudulent subletting," "fraud-retention of subtenant deposit," and "fraud-check drawn on insufficient funds" were futile. "Fraud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and an actionable representation cannot consist of mere broken promises[.]" TSA Int'l, Ltd., 92 Hawai'i at 255, 990 P.2d at 725 (quoting Stahl v. Balsara, 60 Haw. 144, 149, 587 P2d 1210, 1214 (1978)). The alleged false

representation must relate to a past or existing material fact and not the occurrence of a future event. <u>Id.</u>

Jou based the three fraud claims solely on allegations of Siu's promises to perform future acts. The "fraudulent subletting" and "fraud-retention of subtenant deposit" claims were based on Siu's promise to sublet the unit, pass all rent from the subtenants to Jou, and refund the subtenants' deposits. The claim for "fraud-check drawn on insufficient funds" was based on Siu's promise to "send[] a check for a payment of the November 2008[] rent owed to [Jou]." Because the three causes of action were based solely on Siu's alleged failure to perform promised future acts, the circuit court did not err when it concluded the proposed amendments failed to state a claim for fraud.

The circuit court also did not err when it concluded that Jou's claims for conversion, negligence, and violations of HRS § 663-1 were futile. The three claims were predicated on the same set of facts as Jou's contract claim for breach of the lease agreement, and the SAC failed to allege a breach of any duty separate and distinct from Siu's contractual obligations under the lease agreement. Pursuant to HRS § 663-1.2, Jou's remedy for these allegations lie solely in his action on the contract, and the circuit court properly denied these claims as futile.

C.        Dismissal of The SAC and Award of Attorney's Fees

The circuit court dismissed the SAC for failure to state a claim for breach of contract, concluding the SAC was not well-pled and was ambiguous. We disagree and conclude the circuit court erred in dismissing the SAC.

HRCP Rule 8(a)(1) sets for the requirements for pleading a claim and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" We conclude the SAC satisfied this standard. The SAC stated, in relevant part:

> 4. On or about February 8, 2008, Defendant Siu and Plaintiff Emerson M.F. Jou entered into a fixed written lease, ending February 28, 2009. Under the terms of the agreement Plaintiff leased to Defendant a residential property at 65 Old Pali Place, Honolulu, Hawai'i 96817. A

9

> copy of the lease is attached as Exhibit A.4 and A.5 and is made a part hereof.
>
> 5. Plaintiff has performed all conditions, covenants, and promises required of the lessor to be performed under the terms and conditions of the lease.
> . . . .
>
> 7. Defendant has breached his obligations under the lease by failure to pay $2,300.00 per month by the first day of each month, as agreed at Exhibit "A.4", paragraph 6.
>
> 8. As a direct and proximate result of Defendant's breach of his obligations under the lease, Plaintiff has suffered expenses, losses and damages[.]

Such allegations suffice to put the defendant on notice as to the nature of Jou's claim for breach of the lease contract and, taking the allegations as true and in the light most favorable to the plaintiff, Baptiste, 115 Hawai'i at 24, 165 P.3d at 925, would entitle Jou to relief.

The circuit court also erred to the extent it dismissed the SAC for lack of subject-matter jurisdiction. At the hearing on Siu's motion to dismiss the SAC, the circuit court concluded it lacked jurisdiction because the SAC failed to establish that Jou's claim for damages exceeded the minimum jurisdictional amount for civil jurisdiction in the circuit court, pursuant to HRS § 604-5. Pursuant to HRS § 604-5, the district courts have exclusive jurisdiction in civil actions in which the amount in controversy does not exceed $10,000, and the district courts and circuit courts have concurrent jurisdiction when the amount in controversy exceeds $10,000 but does not exceed $25,000. Here, the SAC expressly requested damages in excess of $10,000. Because we must deem these allegations to be true, we conclude the SAC was within the concurrent jurisdiction of the circuit courts and the district courts and not within the exclusive jurisdiction of the district courts.

Therefore, the circuit court erred in dismissing the SAC for failure to state a claim and for lack of subject-matter jurisdiction. Because the dismissal was erroneous, the court

10

also erred in granting Siu's request for attorney's fees pursuant to HRS § 607-14.

D.      Denial of The November 10, 2011 MSJ

Jou contends he is entitled to summary judgment on his SAC.  Jou relies on the asset and debt statements Siu had filed in the Family Court, in which Siu noted a debt for $12,125.41 owed to Jou.  Jou argues the statements should be deemed an admission by Siu.

The record, however, contains conflicting evidence sufficient to preclude summary judgment.  The entry for the $12,125.41 debt to Jou referred to a document attached to the asset and debt statements.  The document stated Siu "may owe his prior landlord for back rent."  (Emphasis added.)  Thus, the asset and debt statements do not amount to an admission, and genuine issues of material fact remain to be resolved on remand.

## IV.   CONCLUSION

We vacate the February 3, 2012 "Defendant K. Kenneth Siu's Second Judgment Against Plaintiff Emerson M.F. Jou, M.D." entered in the Circuit Court of the First Circuit and remand this case for further proceedings.

DATED:  Honolulu, Hawai'i, March 22, 2013.

On the briefs:

Stephen M. Shaw
for Plaintiff-Appellant.

K. Kenneth Siu aka
King-Sau Kenneth Siu
Defendant-Appellee pro se.

Presiding Judge

Associate Judge

Associate Judge